NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 22 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HIPOLITO LOPEZ-LOPEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 21-984

Agency No.
A200-567-861

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 12, 2023[**]

Before:     CANBY, CALLAHAN, and OWENS, Circuit Judges.

Hipolito Lopez-Lopez, a native and citizen of Guatemala, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order affirming without

opinion an immigration judge's decision denying his applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny the petition for review.

Because Lopez-Lopez does not challenge the agency's dispositive determination that his asylum application is time-barred, we do not address it. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013). Thus, we deny the petition for review as to Lopez-Lopez's asylum claim.

Substantial evidence supports the agency's determination that Lopez-Lopez failed to establish he was or would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, his withholding of removal claim fails.

We do not address Lopez-Lopez's remaining contentions as to the merits of his asylum and withholding claims because the BIA did not deny relief on these grounds. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)).

Lopez-Lopez's contentions regarding his political opinion or a returnee-based particular social group are not properly before the court because he failed to

raise them before the BIA. *See* 8 U.S.C. § 1252(d)(1) (exhaustion of administrative remedies required); *see also Santos-Zacaria v. Garland*, 598 U.S. 411, 417-19 (2023) (section 1252(d)(1) is a non-jurisdictional claim-processing rule).

Substantial evidence supports the agency's denial of CAT protection because Lopez-Lopez failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We do not consider the materials Lopez-Lopez references in his opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**